Kim E. Richman
**THE RICHMAN LAW GROUP**
195 Plymouth Street
Brooklyn, NY 11201
krichman@richmanlawgroup.com
212-687-8291 (telephone)
212-687-8292 (facsimile)

*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
FRANK HUTTO and YAHARIA ROJAS,

                Plaintiffs,

     -against-

THE CITY OF NEW YORK, P.O. ANTHONY
GONZALEZ (Shield #23850), and
P.O.s JOHN AND JANE DOE #1-15, Individually
and in their Official Capacities (the names
"John and Jane Doe" being fictitious, as the true names
are presently unknown),

                Defendants.
------------------------------------------------------------X

**COMPLAINT AND DEMAND FOR JURY TRIAL**

      Plaintiffs Frank Hutto and Yaharia Rojas ("Plaintiffs"), by their attorney, Kim E. Richman, complaining of the above-referenced defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

      1.     Plaintiffs Frank Hutto and Yaharia Rojas ("Plaintiffs") bring this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988 for the wrongful acts of defendants THE CITY OF NEW YORK ("CITY"), POLICE OFFICERS ANTHONY GONZALEZ (Shield #23850) and POLICE OFFICERS JOHN AND JANE DOE #1-15 (collectively "Defendants"), all acting under color of state

1

law and pursuant to their authority, in violation of Plaintiffs' rights under the Constitution and laws of the United States and the State of New York.

## JURISDICTION

2. This action seeks redress for violation of Plaintiffs' constitutional and civil rights, pursuant to, *inter alia*, 42 U.S.C. §§ 1983, 1988, the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and the constitution and laws of the State of New York. Plaintiffs invoke this Court's jurisdiction pursuant to these constitutional and statutory provisions and pursuant to 28 U.S.C. §§ 1331, 1343.

3. Plaintiffs further invoke this Court's pendent jurisdiction over any and all state law claims that derive from the same nucleus of operative facts that gives rise to the federal claims, pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5. Plaintiffs demand a trial by jury on each and every one of his claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. At all times relevant hereto, Plaintiffs were residents of 158 Hull Street, Brooklyn, New York, located in the Eastern District of New York.

7. Defendant THE CITY OF NEW YORK ("CITY") is and was at all relevant times a municipality of the State of New York; Defendant CITY operates, manages, directs, and controls the New York City Police Department ("NYPD"), which employs Defendants

P.O. ANTHONY GONZALEZ (Shield #23850) and P.O.s JOHN AND JANE DOE #1-15.

8. At all times relevant to this action, Defendants P.O. ANTHONY GONZALEZ (Shield #23850) and P.O.s JOHN AND JANE DOE #1-15 were police officers employed by the NYPD and acting under color of state law.

9. Defendants P.O. ANTHONY GONZALEZ (Shield #23850) and P.O.s JOHN AND JANE DOE #1-15 participated directly in and/or failed to intervene in the violations of Plaintiffs' constitutional rights committed by the other individual Defendants.

10. Defendant CITY were responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, captains and employees of the NYPD.

11. At all times relevant hereto and in all their actions described herein, Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of Defendant CITY and its NYPD, pursuant to their authority as employees, servants and agents of the Defendant CITY, within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and officers.

## FACTS

12. On or about June 6, 2012, at approximately 6:00 a.m., Plaintiffs were lawfully present in their bedroom of the first floor apartment unit located at 158 Hull Street, Brooklyn, New York.

13. The apartment building has three floors. Plaintiffs lived in the first floor apartment unit, which had three separate rooms. Plaintiffs have a lockable bedroom that is separated from the rest of the apartment unit.

14. At approximately 6:00 a.m., Defendants P.O. ANTHONY GONZALEZ (Shield #23850) and P.O.s JOHN AND JANE DOE #1-15 busted down Plaintiffs' apartment unit door, startling Plaintiffs, who were asleep in their bedroom.

15. Defendants P.O. ANTHONY GONZALEZ (Shield #23850) and P.O.s JOHN AND JANE DOE #1-15 searched Plaintiffs apartment unit.

16. Without provocation, Defendant P.O. John Doe threw Plaintiff Rojas on the floor, causing bruising on her body.

17. Defendants proceeded to search the apartment buildings' three floors.

18. Defendants recovered a .22 caliber firearm and ammunition for .32 caliber weapon, as well as marijuana, from the third floor of the apartment building.

19. Plaintiffs had no knowledge of the firearm, ammunition, and marijuana that Defendants recovered from the apartment building.

20. Next, Defendant Officers transported Plaintiffs to the NYPD 73rd Precinct.

21. Plaintiffs were eventually transported to Central Booking where both their cases were declined to prosecute.

22. On or about June 9, 2012, Plaintiffs were finally released after being detained for approximately seventy two (72) hours.

23. As a result of being detained for approximately seventy two (72) hours, Plaintiff was forced to miss one day of work.

24. As a result of the aforementioned violations of his civil rights, Plaintiffs Frank Hutto and Yaharia Rojas were both subjected to the humiliation of being arrested, led away in full public view in front of their community, were detained for approximately seventy two (72) hours, and faced the stigma of being arrested and detained, all of which resulted in damage to her esteem and reputation within the community.

## CAUSES OF ACTION
## FIRST CLAIM FOR RELIEF:
## DEPRIVATION OF FEDERAL CIVIL RIGHTS

25. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

26. All of the aforementioned acts of Defendants, their agents, servants, and employees were carried out under color of state law.

27. All of the aforementioned acts deprived Plaintiffs of the rights, privileges, and immunities guaranteed to citizens of the United States by, *inter alia*, the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

28. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

29. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers, pursuant to the customs, usages, practices, procedures, and rules of Defendant CITY and its NYPD, and other agencies all under the supervision of ranking officers of said departments.

30. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of his/her respective municipality/authority that is forbidden by the Constitution of the United States.

31. By these actions, Defendants have deprived Plaintiffs of rights secured by the United States Constitution, in violation of 42 U.S.C. § 1983, for which Defendants are individually liable.

32. Plaintiffs repeat each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

33. By the actions described herein, Defendants intentionally caused and allowed Plaintiffs to be placed in apprehension of imminent harmful and offensive contact, in violation of the Constitution and Laws of the State of New York.

34. Defendants' actions were not in furtherance of any legitimate police interest and were not otherwise privileged.

35. As a consequence of Defendants' actions as described herein, Plaintiffs have been injured.

36. Defendant CITY is liable under *respondeat superior* for the aforesaid injuries.

## SECOND CLAIM FOR RELIEF: FALSE ARREST UNDER 42 U.S.C. § 1983

37. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

38. As a result of Defendants' aforementioned conduct, Plaintiffs were subject to an illegal, improper and false arrest by Defendants and taken into custody and caused to

6

be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

39. As a result of the foregoing, Plaintiffs' liberty were restricted for an extended period of time, and he was put in fear for his safety and subjected to handcuffing and other physical restraints, without probable cause.

40. Defendant officers acted with malice and intent to do harm to Plaintiffs without excuse or justification.

41. As a result of his false arrest, Plaintiffs were subjected to and continues to experience humiliation, ridicule, and disgrace before his family and peers, confinement, economic and pecuniary loss, pain and suffering, embarrassment and emotional distress. Further, as a result of Defendants' unlawful acts, Plaintiffs were discredited in the minds of many members of the community.

### THIRD CLAIM FOR RELIEF: MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

42. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

43. Defendants caused legal process to be issued against Plaintiffs without probable cause or reason to believe that the criminal charges against them could succeed, with actual malice, thereby causing Plaintiffs to be prosecuted on baseless charges for several months and to suffer a significant deprivation of liberty in connection therewith.

44. The criminal charges against Plaintiffs were terminated in their favor.

45. Defendants and their agents, servants, and employees carried out all of the aforementioned acts under color of state law.

46. Defendants' unlawful prosecution of Plaintiffs without probable cause and denial of associated due process rights, as described herein, violated Plaintiffs' rights under the Constitution, for which Defendants are individually liable.

47. Defendants acted with malice and intent to do harm to Plaintiffs without excuse or justification.

48. As a result of Defendants' malicious prosecution and other unlawful acts, Plaintiffs were subjected to and continues to experience humiliation, ridicule, and disgrace before his family and peers, confinement, economic and pecuniary loss, pain and suffering, embarrassment and emotional distress. Further, as a result of Defendants' unlawful acts, Plaintiffs were discredited in the minds of many members of their community.

## **FOURTH CLAIM FOR RELIEF:**
## **EQUAL PROTECTION UNDER 42 U.S.C. § 1983**

49. Plaintiffs repeat each and every allegation contained in the paragraphs above and incorporates such allegations by reference as if fully stated herein.

50. Defendants unlawfully singled out Plaintiffs and violated his Fourth, Fifth, and Fourteenth Amendments, in part because of his race, gender and because they were exercising his constitutional rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

51. Defendants and their agents, servants, and employees carried out all of the aforementioned acts under color of state law.

52. As a result of Defendants' unlawful acts, Plaintiffs were subjected to and continues to experience humiliation, ridicule, and disgrace before his family and peers, confinement, economic and pecuniary loss, pain and suffering, embarrassment and

emotional distress. Further, as a result of Defendants' unlawful acts, Plaintiffs were discredited in the minds of many members of the community.

### FIFTH CLAIM FOR RELIEF: MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

53. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

54. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

55. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD, all under the supervision of ranking officers of said department.

56. The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY and the NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiffs.

57. The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiffs, as alleged herein.

58. The foregoing customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD were the moving force behind the constitutional violations suffered by Plaintiffs, as alleged herein.

59. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiffs.

60. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiffs' constitutional rights.

61. Defendant CITY, as municipal policymaker in the training and supervision of the NYPD, has pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their rights Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983 and the Constitution and laws of the State of New York.

62. All of the foregoing acts by Defendants deprived Plaintiffs of federally protected rights, including, but not limited to, the right:

   a. Not to be deprived of liberty without due process of law;

   b. To be free from seizure, arrest, and imprisonment not based upon probable cause;

   c. To be free from the infliction of emotional distress; and

   d. To receive equal protection under the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

2. Punitive damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.

DATED:   New York, New York
         March 20, 2015

Respectfully submitted,

Kim E. Richman, Esq.
**THE RICHMAN LAW GROUP**
195 Plymouth Street
Brooklyn, NY 11201
krichman@richmanlawgroup.com
212-687-8291 (telephone)
212-687-8292 (facsimile)

*Attorney for Plaintiff*